UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kim J. H.,

        Plaintiff,

v.                               **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 18-02736 (MJD/TNL)

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.

David F. Chermol, Chermol & Fishman LLC and Edward C. Olson, Attorney at Law, Counsel for Plaintiff.
Michael Moss, Office of the General Counsel, Social Security Administration, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. 32.) Although the motion is filed in Plaintiff's name, the real party in interest is Plaintiff's counsel, David F. Chermol. Counsel seeks an actual award of $23,219.25 in § 406(b) fees with directions for the Commissioner of Social Security to only pay him the balance of $12,509.25 after reducing his award by $10,710.00 "to account for the EAJA refund" for

1

previously-awarded attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (Id. ¶ 5; Doc. 31.)

Counsel explains that the delay in filing this motion was caused by SSA's failure to send the notice of award. (Doc. 32 ¶ 2.) He received notice on June 5, 2024 that money was being withheld for payment of attorney fees and he then took steps to procure a copy of the Notice of Award, which states that Plaintiff was awarded past-due benefits of $92,877.00. (Id. ¶¶ 2-3; Pl. Ex. A.)

The Commissioner does not oppose the motion but filed a response stating that the previously awarded EAJA fees must be refunded to Plaintiff after the Court awards fees under Section 406(b)(1)(A). (Doc. 37 at 1-2.) For the reasons discussed below, the Court grants Plaintiff's motion but directs the Commissioner to pay the full amount to Plaintiff's Counsel with instructions to refund the previously awarded $10,710.00 in EAJA fees directly to Plaintiff.

**II.   BACKGROUND**

Plaintiff filed a claim for Social Security disability insurance benefits in January 2015 alleging a disability onset date of May 13, 2014. (See Doc. 20 (R&R on Parties' Cross Mot. Summ. J.) at 2.) Her claim was denied initially and upon reconsideration. (Id.) An Administrative Law Judge ("ALJ") next denied

2

Plaintiff's application after a November 9, 2017 hearing. (Id.) Plaintiff asked the Appeals Council to review the ALJ's decision, but the Council denied her request. (Id.) Plaintiff then sought judicial review of the ALJ's decision. (See Doc. 1 (Compl.).) On February 20, 2020, the Court adopted the Report and Recommendation of Magistrate Judge Tony N. Leung and ordered, inter alia, that Plaintiff's motion for summary judgment be granted in part and denied in part and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the opinion. (Doc. 22.) On October 26, 2020, the Court adopted the Report and Recommendation of Magistrate Judge Leung and awarded Plaintiff $10,710.00 in attorney's fees under the EAJA. (Doc. 31.)

As discussed above, on remand, the ALJ issued a favorable decision to Plaintiff and awarded her $92,877.00 in past-due benefits. (Pl. Ex. A.) Plaintiff now seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1) based on that award.

### III. DISCUSSION

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for worked performed before the Court, in an amount not to exceed 25% of the total past due benefits awarded to the claimant.

3

The 25-percent figure is merely an upper cap on fees established by Congress, and counsel must still "show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

The Court cannot award fees unless plaintiff was successful because a requirement of § 406(b)(1)(A) is "a judgment favorable to the claimant." Here, the Court finds the representation of Plaintiff was ultimately successful because it resulted in the award of $92,877.00 in past-due disability benefits. See, e.g., Theodoros K. v. Kijakazi, No. 20-CV-2228 (KMM-ECW), 2023 WL 4621896, at *2 (D. Minn. July 19, 2023) (citing Smith v. Kijakazi, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May 22, 2023) (awarding fees under § 406(b)(1)(A) where plaintiff's counsel secured over $80,000 in past-due disability benefits).)

Next, the Court must determine if the requested attorney's fees are reasonable. Id. Plaintiff seeks $23,219.25 in attorney's fees, amounting to 25% of the past-due benefits awarded and the maximum permitted under § 406(b)(1). The Court finds that the requested fees are reasonable. Plaintiff entered a contingency agreement with counsel and agreed to pay 25% of any past-due benefits awarded, which comports with the 25% statutory cap imposed by § 406(b). (Pl. Ex. B at 1.) Contingent-fee agreements for the statutory maximum

4

25% of past-due benefits "are the most common fee arrangement between attorneys and Social Security claimants." Gisbrecht, 535 U.S. at 800.  There is also no indication that Plaintiff's counsel caused any delay in this matter or provided substandard representation which could warrant a reduction.  Id. at 808.  In fact, Counsel has explained that any delay was caused by the Commissioner's delay in transmitting the Notice of Award after Counsel successfully represented Plaintiff in this matter.  The Court finds that Counsel was the only one apparently hurt because he was delayed in filing the instant motion for fees.

Moreover, the full award here is not so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction.  Id.  Counsel seeks compensation for 52.5 hours of the 57.8 hours he spent working on the instant case.  (See Doc. 36-2 (Ex. C (Statement of Attorney Time Expended)).)  Plaintiff states that $10,710.00 ÷ 52.5 = $204.00/effective hourly rate.  This rate is below other recently-approved effective hourly rates for similar cases in this district. See, e.g., Theodoros, 2023 WL 4621896, at *2 (approving effective rate of $397.48 per hour); Smith, 2023 WL 3580817, at *2 (approving award with effective rate of $900 an hour and collecting cases from this district approving awards amounting to greater effective rates); Matthew L. v. O'Malley, No. 21-CV-1009 (JFD), 2024

WL 1694839, at *2 (D. Minn. Apr. 19, 2024) (approving effective rate of $1,250-per-hour but noting that it was "on the high end of what courts in this District have found reasonable").  Finally, the Court finds that the number of hours that counsel reported spending on this matter is not excessive.

Accordingly, the Court finds that a fee award of $23,219.25 is reasonable.

Attorneys may collect fee awards for the same work under both EAJA and 42 U.S.C. § 406(b), but the attorney must "'refund to the claimant the amount of the smaller fee.'" Gisbrecht, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186) (cleaned up).  Here, the fee awarded under EAJA is smaller than that under § 406(b), therefore Plaintiff's counsel must refund the previously awarded $10,710.00 in EAJA fees to Plaintiff.  "Unlike Section 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds as a penalty to the Commissioner."  Poire v. O'Malley, No. 20-CV-00888 (KMM-ECW), 2024 WL 3026549, at *2 (D. Minn. June 17, 2024) (quoting Drake v. Comm'r of Soc. Sec., No. 14-12662, 2016 WL 492704, at *2 (E.D. Mich. Feb. 9, 2016); see also Miranda T., Plaintiff, v. Kijakazi, Acting Comm'r of Soc. Sec., Defendant., No. 22-CV-708 (JRT/LIB), 2023 WL 7741311, at *4 (D. Minn. Oct.

6

27, 2023), R&R adopted sub nom. Miranda T. v. Kijakazi, 2023 WL 7697046 (D. Minn. Nov. 15, 2023); Theodoros K., 2023 WL 4621896, at *4.

## IV.     ORDER

Accordingly, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **[Doc. 32]** is **GRANTED**;

2. The Court authorizes a payment to David F. Chermol, Esquire, counsel for Plaintiff, in the amount of **$23,219.25** in attorney's fees being withheld from Plaintiff's past-due benefits for court related services; and

3. Upon receipt of this sum, counsel for Plaintiff shall remit **$10,710.00** directly to Plaintiff, representing the sum already paid to counsel on Plaintiff's behalf pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  July 12, 2024                                              s/Michael J. Davis
                                                                              Michael J. Davis
                                                                              United States District Court